IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02199-GPG

JOSHUA LAMONT SUTTON,

    Plaintiff,

v.

MATTHEW VANLEENWEN,
TRAVIS TRANI, Warden,
THE CITY OF PUEBLO ATTORNEY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DISMISSING CASE

---

    Applicant, Joshua Lamont Sutton, initiated this action on October 2, 2015, by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1).  In the Application, he challenges a conviction imposed in the Municipal Court of Pueblo County, Colorado, on December 27, 2012, for disorderly conduct without fighting and interference without violence.  (*Id.* at 1-2, 10).  Mr. Sutton was sentenced to "time served" and a $1,500.00 fine.  (*Id.* at 2).

    To petition a federal court for habeas relief from a state court conviction, the applicant must be "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The applicant must be "in custody" under the challenged conviction or sentence at the time his habeas petition is filed.  *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  The "in custody" requirement is jurisdictional.  *See McCormick v. Kline*, 572 F.3d 841, 847-48

(10th Cir. 2009). Therefore, a state prisoner cannot challenge the constitutionality of his state conviction in a federal habeas proceeding if he has completed his sentence for the conviction at the time the § 2254 petition is filed, *see Maleng*, 490 U.S. at 491, where that sentence was not imposed consecutively to another sentence. *See Mays v. Dinwiddie*, 580 F.3d 1136, 1140 (10th Cir. 2009). *See also Ogunwomoju v. U.S.*, 512 F.3d 69, 74 (2d Cir. 2008) (concluding that petitioner who was sentenced to "time served" and a six-month license suspension by the state court was not "in custody" for purposes of a habeas attack on his state conviction).

Further, "the payment of restitution or a fine, absent more, is not the sort of significant restraint on liberty contemplated in the custody requirement of the federal habeas statutes." *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 788 (10th Cir. 2008).

On October 5, 2015, the Court ordered Mr. Sutton to show cause, within 30 days, why the § 2254 Application should not be dismissed for lack of subject matter jurisdiction because it appeared that Applicant was not "in custody" at the time of filing. (*See* ECF No. 4).

On October 19, 2015, Mr. Sutton filed an Amended Application (ECF No. 5), in which he alleged that the state sentencing court ordered that he would be imprisoned if he did not pay the fine. (*Id.* at 2). However, Applicant also stated that he is serving a sentence that was imposed for a conviction other than the conviction that he is challenging in the Amended Application. (*Id.*).

Because Mr. Sutton's allegations in the Amended Application were insufficient to demonstrate this Court's subject matter jurisdiction, Magistrate Judge Gallagher issued a

second order to show cause (ECF No. 6), on October 21, 2015, directing Applicant to state clearly whether he was in custody at the time he initiated this action because he failed to pay the fine to which he was sentenced in Pueblo Municipal Court Case No. EO41371.  Magistrate Judge Gallagher warned Applicant that his incarceration for a different conviction did not satisfy the "in custody" requirement. (*Id.*).

On November 23, 2015, Mr. Sutton filed a "Motion to Dismiss Without Prejudice, Per Rule 41" (ECF No. 9).

Fed. R. Civ. P. 41(a)(1) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ."  No responsive pleading has been filed by Respondents in this action.  Further, a voluntary dismissal under Rule 41(a)(1) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary.  *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).  The Motion, therefore, closes the file as of November 23, 2015.  *See Hyde Constr. Co.*, 388 F.2d at 507.

Mr. Sutton is reminded that the time during which this action was pending does not toll the one-year limitation period in 28 U.S.C. § 2244(d)(1).  *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).  Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(1).  It is

FURTHER ORDERED that the voluntary dismissal is effective as of November 23, 2015.

DATED November 24, 2015, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court